### Samuel P. Bullas *et al. vs.* Henry M. Young.

P. by his will gave his daughter H. $300, to be paid to her within three years after his death, directing that the principal should be kept good, and after her death should go to her children. Instead of paying the legacy, S., one of the residuary devisees, and the executor of P., mortgaged to H. part of the land devised to him, to secure to her payment of interest on the $300, and payment of the principal after her death to her children. H. and her husband assigned this mortgage to a purchaser of the equity of redemption of the mortgaged estate, receiving $300 for the assignment. After the death of H., her children having never received the $300, filed their bill against the assignee for an account and to compel him to pay them this sum, or to have the mortgaged estate sold for such payment: —

*Held*, on demurrer to the bill, that the children of H. had no claim except against the estate of H. or against her husband, who, if he received the money, received it subject to the trust.

BILL IN EQUITY for an account and for the enforcement of a mortgage lien. The respondent demurred to the bill.

The facts are stated in the opinion of the court.

*July* 28, 1877. DURFEE, C. J. Ebenezer Peck by his will, admitted to probate in 1839, bequeathed to his daughter, Hannah Bullas, $300, to be paid to her within three years after his death, and directed, by a subsequent clause, that the principal should be kept good, and, after her, go to her children. The testator made other bequests, and gave the residue of his estate to his two sons, Samuel and Barney, they paying the debts and legacies, and appointed them executors. Samuel alone qualified

as executor.   On December 11, 1843, Samuel Peck gave a mortgage on the portion of land which came to him under the will to Hannah Bullas, to secure to her the payment of $18 per annum, being the interest on the bequest to her, and to secure the payment of the principal, after her decease, to her children, agreeably to the will.   On September 9, 1846, Hannah Bullas and her husband assigned the mortgage, in consideration of $300, to the defendant, who had previously become the owner of the entire equity of redemption.   On the 6th of May, 1866, she died.   The bill sets forth these facts, and alleges that the complainants, who are the children of Hannah Bullas, have never been paid the $300 secured by mortgage as aforesaid, but that it and the interest accruing on it since the death of Hannah Bullas are still due and owing to them.   The bill prays an account, and that the defendant may be decreed to pay whatever may be found due to the complainants on said account, or that his estate aforesaid may be sold to pay the same.   The defendant demurs to the bill as devoid of equity.

The demurrer must be sustained.   The first clause of the will gives Hannah Bullas $300, *to be paid to her* within three years. The subsequent clause directs that the principal shall be kept good, and, after her, go to her children.   It leaves the direction of the first clause in regard to payment unchanged.   It still remained the duty of the executor to pay her the $300 within three years.   If he had done it, he and the estate would have been discharged.   Instead of paying it to her, he secured it by mortgage on his land.   The condition of the mortgage was such that she could not have enforced the payment during her life ; but we do not see that there was anything in the mortgage to prevent her receiving payment, or, payment being received, to prevent her releasing the mortgage.   She was the sole mortgagee, and, though it may be said she held it in trust for her children, yet it was only as security for the $300 that she held it in trust for them, and, that being paid to her, she had the same right to release or assign the mortgage as she had originally to discharge the executor.   The complainants have no title except by virtue of the will, and the will expressly gives to Hannah Bullas the right of having the money paid to her. Their only remedy, therefore, is against her estate or against her

husband, who, if he received the money, received it, as she would have done, subject to the trust.        *Demurrer sustained.*

*Charles H. Page & William H. Baker*, for complainants.

*Herbert B. Wood*, for respondent.